UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MIROSLAW KASPEREK, *et al.*,

                Plaintiffs,

    -against-

CITY WIRE WORKS, INC., *et al.*,

                Defendants.
----------------------------------------------------------X

MEMORANDUM
AND ORDER
03 CV 3986 (RML)

LEVY, United States Magistrate Judge:

        By stipulation dated December 29, 2006, the parties consented to have this case referred to a Magistrate Judge for all purposes, including entry of judgment. See 28 U.S.C. § 636(c). Defendants do not dispute that they are in default of the parties' settlement agreement, dated January 26, 2007 (the "Agreement"), in which they agreed to pay plaintiffs $525,000, plus interest, in designated installments. At a conference on November 18, 2008, I found defendants in default, with the amounts to be determined through further briefing, which is now complete.

        Plaintiffs ask the court to enter a judgment of $224,018.96, representing the unpaid principal and interest, plus additional prejudgment interest of $17,907.66, as well as attorney's fees and costs of $12,624.30. (See Letter of Robert Wisniewski, Esq., dated Dec. 2, 2008 ("Pls.' Ltr.").) Defendants acknowledge that the outstanding settlement principal is $173,487, and that plaintiffs are entitled to $20,000 in interest and reasonable attorney's fees and costs under the Agreement. (See Letter of Anthony P. DeCapua, Esq., dated Dec. 16, 2008 (Defs.' Ltr.").) However, they argue that this court lacks jurisdiction to enter a default judgment against them. (Id. at 1-2.) They further contend that, if this court has jurisdiction, plaintiffs' request for prejudgment interest of $17,907.66 should be denied, and plaintiffs should be

awarded attorney's fees and costs of no more than $4,297.50.  (Id. at 2-3.)  I will address each argument in turn.

> A.  Jurisdiction to Enter a Default Judgment

Pursuant to paragraph 2 of the Agreement, the sums due were to be secured either by a consent judgment or by a security document ensuring payment of $525,000, to be entered into within thirty days of signing of the Agreement.  (See Agreement, attached as Ex. A to Defs.' Ltr., at 3-4.)  The security document was to be entered as a lien upon defendants' commercial property in New Hampton, New York.  (Id.)  Under either scenario, the parties agreed that this court would have "continuing jurisdiction to enforce the terms of [the] Agreement and the Consent Judgment or Security Document," whichever applied.  (Id. ¶ 6 at 6; see also id. ¶ 23 at 12 ("The Parties hereby acknowledge and consent to the power, and continuing jurisdiction of the United States District Court for the Eastern District of New York, to enforce the terms of this Agreement.").)

Defendants claim that they satisfied their obligation under paragraph 2 of the Agreement by sending plaintiffs three proposed affidavits of confession of judgment (see Letter of Anthony P. DeCapua, Esq., dated Dec. 30, 2008 ("Defs.' Reply Ltr."), and attached exhibits), and, in any event, that the Agreement "do[es] not provide for the entry of judgment against defendants in this or any other Court in case of defendants' breach."  (Defs.' Ltr. at 2.)  Plaintiffs argue that defendants' draft security documents were insufficient, and that defendants have breached the Agreement both by failing to provide appropriate security documents and by falling behind in installment payments.  In light of that breach, plaintiffs contend that defendants are obligated to enter into a consent judgment.  They further argue that, since the court retains

jurisdiction to enforce the Agreement, it can enter a judgment in plaintiffs' favor. (Letter of Robert Wisniewski, Esq., dated Dec. 24, 2008 (Pls.' Reply Ltr.") at 2.)

Plaintiffs are correct. As a general rule, a federal district court retains jurisdiction to enforce a settlement agreement where the court, typically as part of its order of dismissal, orders the parties to comply with the terms of the settlement agreement or incorporates into one of its orders the terms of a settlement agreement explicitly retaining jurisdiction. Brandner Corp. v. V-Formation, Inc., 98 F. App'x 35, 37 (2d Cir. 2004) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994)). Absent those circumstances, a district court may assert ancillary jurisdiction to enforce a settlement agreement where doing so would (1) "'permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent,'" or (2) "'enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Id. (quoting Kokkonen, 511 U.S. at 379-80). As the Second Circuit has explained, "[a]greements that end lawsuits are contracts" which are usually "enforceable by entry of a judgment in the original suit." Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986).

The court's authority to enforce a settlement by entry of judgment in the underlying action "is especially clear where the settlement is reported to the court during . . . courtroom proceedings." Id. Thus, even if the settlement agreement does not include a final consent judgment, "[d]ue regard for the proper use of judicial resources" permits the court to enforce the settlement by entry of judgment. Id.

Here, the parties signed the Agreement after engaging in extensive settlement discussions before me and placing the material terms and conditions on the record in open court.

See Purcell v. Town of Cape Vincent, 281 F. Supp. 2d 469, 473 (N.D.N.Y. 2003) ("An agreement made on the record, in open court and 'under the eyes of the Court' is a most solemn undertaking requiring the lawyers and the parties to make every reasonable effort to carry out the terms to a successful conclusion."). On March 31, 2008, I issued an order dismissing this case without prejudice. My order stated: "[T]he court will retain jurisdiction to monitor compliance with the settlement and will continue to hold status conferences as needed to ensure full compliance with the settlement agreement." (See Order, dated Mar. 31, 2008.) In other words, in the order dismissing the case, this court retained jurisdiction to enforce the Agreement, thus satisfying the general rule. Although defendants contend that plaintiffs are required to "bring a separate action at law for breach of the Agreement" (Defs.' Ltr. at 2), it would be irresponsible to burden another court with this dispute. Accordingly, this court maintains jurisdiction to issue a judgment against defendants for breach of the Agreement.

### B. Prejudgment Interest

Plaintiffs seek an award of prejudgment interest at the rate of nine percent per annum, for a total of $17,907.66, pursuant to N.Y. C.P.L.R. § 5001(a). (Pls.' Ltr. at 3.) Defendants object to the request on the ground that the Agreement already provides for payment of $20,000 in interest; they argue that an award of additional interest "would be tantamount to double recovery." (Defs.' Ltr. at 2.)

As defendants correctly point out, the Agreement itself does not provide for an award of prejudgment interest in the event of their default. (Id.) Nonetheless, plaintiffs' motion is, at its essence, a motion to enforce the Agreement, a contract negotiated, executed, and to be performed in New York. Whether viewed as a request to enforce an order of this court as within

its inherent power, or for the court to exercise supplemental jurisdiction over a state claim pursuant to 28 U.S.C. § 1367, Federman v. Empire Fire & Marine Ins. Co., 597 F.2d 798, 808-12 (2d Cir. 1979) (discussing difference between pendant and ancillary jurisdiction), the result is the same. Breach is to be determined and remedied in accordance with the forum state's substantive law of contract. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938); 28 U.S.C. § 1652. Therefore, the question of an award of prejudgment interest is governed by New York law. See Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999) ("The awarding of prejudgment interest is considered a question of substantive law.").

New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, plaintiffs are entitled to prejudgment interest on the installments that were not timely paid. Defendants do not take issue with plaintiffs' calculations, and I find them to be accurate. Plaintiffs are therefore awarded $17,907.66 in prejudgment interest.

Although the Agreement does provide for $20,000 in interest, that amount is intended to compensate plaintiffs for receiving the settlement principal in installments over two years. This award of prejudgment interest, by contrast, is meant to compensate plaintiffs for the loss of use of the unpaid principal. See Ramnarain v. City of New York, 474 F. Supp. 2d 443, 447 (E.D.N.Y. 2007) ("'The purpose of awarding interest is to make an aggrieved party whole.'") (quoting Spodek v. Park Prop. Dev. Assocs., 759 N.E.2d 760, 762 (N.Y. 2001)).

C. <u>Attorney's Fees and Costs</u>

Although defendants concede that plaintiffs are owed reasonable attorney's fees and costs under the Agreement,[1] they object to plaintiffs' request for $12,527.50. Their objections are twofold: first, they contend that many of counsel's time entries do not concern plaintiffs' current motion to enforce the Agreement; and second, they argue that the $75 hourly rate for paralegals is excessive. On the first issue, I have reviewed plaintiffs' counsel's billing records thoroughly, and I agree that some of the time entries appear to concern matters other than plaintiffs' breach of the Agreement or are vaguely worded. Where, as here, the application for fees is voluminous, the court may order an across-the-board percentage reduction in compensable hours. <u>In re "Agent Orange" Prods. Liab. Litig.</u>, 818 F.2d 226, 237 (2d Cir. 1987) (explaining that "the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'") (quoting <u>N.Y. State Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1146 (2d Cir. 1983); <u>see also</u> <u>United States Football League v. Nat'l Football League</u>, 887 F.2d 408, 415 (2d Cir. 1989) (approving a percentage reduction of total fee award to account for vagueness in documentation of certain time entries). I find a thirty percent reduction in plaintiff's counsel's billing records sufficient to account for some vague, inapplicable, or excessive time entries. <u>See</u> <u>Kirsch v. Fleet St., Ltd.</u>,

---

[1] Paragraph 13a of the Agreement states:

> In the event that any party or parties breach, violate, fail or refuse to comply with any of the provisions, terms or conditions or any warranties or representations of this Agreement (the "Breach"), the non-breaching party or parties are entitled to recover against the breaching party or parties damages, including costs, expenses and reasonable attorneys' fees, accruing to the non-breaching party or parties as a consequence of the Breach.

148 F.3d 149, 173 (2d Cir. 1998); Bridges v. Eastman Kodak, No. 91 Civ. 7985, 1996 WL 32325, at *6 (S.D.N.Y. Jan. 26, 1996).

As for the hourly rates for paralegals, courts in this district routinely award $75 per hour for the work of paralegals. See, e.g., Kowal v. Andy Constr., Inc., No. 05 CV 576, 2008 WL 4426996, at *4 (E.D.N.Y. Sept. 25, 2008) (stating that paralegal rates of $75 per hour "fall within the range . . . prevailing in the community. . . .); Finkel v. Omega Commc'n Servs., Inc., No. 06 CV 3597, 2008 WL 552852, at *6 (E.D.N.Y. Jan. 23, 2008) (finding $75 per hour fee for paralegals "reasonable and appropriate"); Coated Fabrics Co. v. Mirle Corp., No. 06 CV 5415, 2008 WL 163598, at *7 (E.D.N.Y. Jan. 16, 2008) (approving $75 per hour fee for paralegal work). That objection is therefore meritless.

Defendants do not object to plaintiffs' request for $96.28 in disbursements, and I find the request reasonable. In sum, plaintiffs are awarded $8,769.25 in attorney's fees and $96.28 in costs, for a total of $8,865.53.

## CONCLUSION

For the reasons stated above, plaintiffs are hereby awarded $220,260.19, representing $173,487 in outstanding principal, $20,000 in interest, $17,907.66 in additional prejudgment interest, and $8,865.53 in attorney's fees and costs. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York
      March 12, 2009

/s/
ROBERT M. LEVY
United States Magistrate Judge